949 F.2d 403
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William S. LYON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3401.
 United States Court of Appeals, Federal Circuit.
 Oct. 9, 1991.
 
 Before PAULINE NEWMAN, ARCHER and RADER, Circuit Judges.
 DECISION
 ARCHER, Circuit Judge.
 
 
 1
 William S. Lyon petitions for review of the decision of the Merit Systems Protection Board (board), Docket No. SF083187C9044 (May 10, 1990), finding the Office of Personnel Management (OPM) in compliance with the board's Opinion and Order dated December 4, 1989. We affirm-in-part, vacate-in-part and remand.
 
 DISCUSSION
 
 2
 In Lyon v. Office of Personnel Management, MSPB Docket No. SF08318710541 (Initial Decision, July 27, 1987), the board reversed OPM's decision denying Lyon's application for "discontinued service retirement." See 5 U.S.C. § 8336(d)(1) (1988). After annuity payments commenced, Lyon filed a petition for enforcement dated October 8, 1987 with the board contesting various aspects of OPM's computation of his annuity. OPM and Lyon's representative entered into a settlement agreement which was incorporated into an Initial Decision dated November 9, 1988. The settlement agreement permitted Lyon to refile his petition if he was dissatisfied with OPM's recalculation of his annuity.
 
 
 3
 Lyon refiled his petition for enforcement on December 18, 1988 to contest OPM's recalculation of his annuity. On December 4, 1989, the board ordered OPM "to explain and justify its computations."
 
 
 4
 OPM responded to the board's order on February 13, 1990 detailing each computation necessary to arrive at Lyon's annuity payment. OPM also stated in its response that it did not have two of Lyon's retirement record cards (Forms SF 2806), although it did not indicate the periods for which the cards were missing.
 
 
 5
 In subsequent submissions to the board, Lyon contested the computations in several respects and also attempted to raise issues unrelated to the annuity computations. His March 26, 1990 submission to the board included two retirement record cards which he apparently believed were the ones missing from OPM's files. These cards covered a time span that included November 11, 1957 to January 29, 1961, a period that Lyon claims as creditable service for retirement purposes but which had not been allowed in OPM's computations.
 
 
 6
 In its May 10, 1990 decision, the board found OPM to be in full compliance with its December 4, 1989 order. In doing so, the board considered the computational issues raised by Lyon. In discussing OPM's computation of Lyon's years of creditable service, the board did not comment on Lyon's claim of creditable service for the period from late 1957 to early 1961, but merely concluded that Lyon had not "established that OPM erred in its calculations regarding his retirement benefits."
 
 
 7
 When reviewing a decision of the board, this court must affirm that decision unless it is found to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988); Covington v. Department of Health and Human Servs., 750 F.2d 937, 941 (Fed.Cir.1984).
 
 
 8
 Except for the issue of Lyon's creditable service, the board fully considered and correctly determined that OPM's computations of Lyon's annuity entitlement were not in error. The board further correctly held that the issues unrelated to the computations were not properly raised in the enforcement proceeding before it. We are convinced, however, that the board's decision relating to the proper computation of Lyon's years of creditable service must be vacated.
 
 
 9
 Facially, the retirement record cards submitted by Lyon indicate that he may have had creditable service for some part or all of the period from November 11, 1957 to January 29, 1961. OPM admitted that some of Lyon's retirement records were missing. Moreover, the government suggests in its brief on appeal that if this issue is remanded to the board it now has obtained further information regarding the contested time period. In view of the tortured history of this proceeding, the board should now resolve the question of whether or not Lyon had any creditable service during the contested period. The case is remanded for that purpose only.
 
 COSTS
 
 10
 Costs are awarded to Lyon.